19 F.3d 40
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ernesto J. RIVERA, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3553.
 United States Court of Appeals, Federal Circuit.
 Feb. 14, 1994.
 
 Before CLEVENGER, Circuit Judge, SKELTON, Senior Circuit Judge, and SCHALL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Ernesto J. Rivera petitions for review of the decision of the Merit Systems Protection Board (Board), Docket No. SE0831930249-I-1, dismissing as untimely his appeal of the Office of Personnel Management (OPM)'s denial of his civil service retirement annuity application. The August 17, 1993 initial decision of the Administrative Judge (AJ) became the final appealable decision of the Board on September 21, 1993 when neither party petitioned the full Board for review. We affirm.
 
 
 2
 * OPM denied civil service retirement benefits to Mr. Rivera, a Philippine citizen, because his service with the U.S. Department of the Air Force from 1954 to 1955 did not meet the five-year durational requirement for entitlement and because no retirement deductions were withheld. On Mr. Rivera's request for reconsideration, OPM affirmed its denial of benefits on July 1, 1992. Mr. Rivera apparently did not receive notification of OPM's decision on reconsideration, however, inquiring to OPM on February 8, 1993 as to the status of the reconsideration. On March 11, 1993, OPM sent Mr. Rivera a second notice of its July 1, 1992 decision.
 
 
 3
 Mr. Rivera filed his appeal with the Board on April 19, 1993, 9 months and 18 days after OPM rendered its reconsideration decision. Because such an appeal must be filed within 25 days under 5 C.F.R. Sec. 1201.22(b) (1993), the Board informed Mr. Rivera that he must establish timeliness or good cause to waive the time limit. Mr. Rivera responded that he was unaware of the issuance of OPM's decision until his February 8, 1993 inquiry, and had filed his appeal immediately thereafter. Accepting Mr. Rivera's assertion that he had not received the original notice of OPM's July 1, 1992 decision, the AJ found that good cause existed for waiving the time limit to March 11, 1993, the date which OPM sent Mr. Rivera a second notice of the decision. The AJ, however, found that Mr. Rivera did not meet his burden of showing good cause to waive the 25 day time limit subsequent to that date, and thus Mr. Rivera's April 19, 1993 appeal, filed 39 days after OPM's second notice, must be dismissed as untimely.
 
 II
 
 4
 This court must affirm a decision of the Board unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). Mr. Rivera contends on appeal that he did not receive OPM's second notice of its reconsideration decision until April 18, 1993, the day before he filed his appeal to the Board. Under 5 C.F.R. Sec. 1201.56(a)(2) (1993), Mr. Rivera has the burden of proving the timeliness of his appeal or that good cause existed for waiving the time limit. Beyond his assertion of difficulty in mail delivery to his home in the Philippines and receipt "the other day" of OPM's March 11, 1993 letter, however, Mr. Rivera provides no evidence to support his claim that the delay in his receipt of OPM's second notice caused the untimely filing of his appeal with the Board. We agree with the AJ that the limited information provided by Mr. Rivera did not satisfy his burden of establishing good cause for waiving the time limit after March 11, 1993. The Board's decision to dismiss Mr. Rivera's appeal as untimely thus was not arbitrary, capricious, or an abuse of discretion, and was in accordance with law.